IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Legacy Housing Corporation,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | **Case No. _____** |
| **Bill Rodwell, Cynthia Rodwell, Tony** § | |
| **Hartsgrove, Robert T. Hutson II, Kevin** § | |
| **Edmonds, Yakov Plotnikov, and Eric D.** § | |
| **Wooten,** § | |
| § | |
| **Defendants.** | |

**PLAINTIFF LEGACY HOUSING CORPORATION'S ORIGINAL COMPLAINT**

Plaintiff Legacy Housing Corporation hereby files its Original Complaint against Defendants Bill Rodwell, Cynthia Rodwell, Tony Hartsgrove, Robert T. Hutson II, Kevin Edmonds, Yakov Plotnikov, and Eric D. Wooten, (collectively, "Defendants") and alleges as follows:

**I.
INTRODUCTION**

1. This case arises out of Defendants' failure to make the payments due under sixty-four Promissory Notes.

2. The Notes are secured by Personal Guarantees and Security Agreements.

3. The Notes are in default; Legacy has accelerated the Notes; and Defendants are indebted to Legacy in an amount not less than $37,360,483.87.

4. Legacy now brings the instant action to collect on the substantial debt that is due and owing.

## II.
## PARTIES

1. Plaintiff Legacy Housing Corporation is a Texas corporation with its place of business at 1600 Airport Fwy., Suite 100, Bedford, TX 76022.

5. Defendant William "Bill" Rodwell is an individual who may be served at 19618 Champions Circle, Gulfport, Mississippi 39503 or wherever he may be found.

6. Defendant Cynthia Rodwell is an individual who may be served at 19618 Champions Circle, Gulfport, Mississippi 39503 or wherever she may be found.

7. Defendant Tony Hartsgrove is an individual who may be served at 5701 Carder Road, Orlando, Florida 32810 or wherever he may be found.

8. Defendant Robert T. Hutson II is an individual who may be served at 1525 Hunters Mill Place Oviedo, Florida 32765 or wherever he may be found.

9. Defendant Kevin Edmonds is an individual who may be served at 613 Blair Street, Greensboro, North Carolina 27409 or wherever he may be found.

10. Defendant Yakov Plotnikov is an individual who may be served at 906 Shore Blvd. Brooklyn, New York 11235 or wherever he may be found.

11. Defendant Eric D. Wooten is an individual who may be served at 13105 Vidalia Road, Pass Christian, Mississippi 39571 or wherever he may be found.

## III.
## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties.

13. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

14. The exercise of personal jurisdiction in this forum is also proper because Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Texas. Among other things, Legacy's claims relate to and arise out of Defendants' forum contacts, specifically their Agreements with Legacy, a corporation headquartered in Texas. The parties' Agreements provide that Texas law govern. The Agreements further stipulate that enforcement of said Agreements may be brought in any court within the state of Texas and Defendants consent to the jurisdiction of such court. In addition, certain of the Agreements expressly provide that any disputes arising from the Agreements shall be brought in the state or federal courts of Tarrant County, Texas. Thus, Defendants have consented to jurisdiction and venue in this Court. The Court's exercise of personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15. Pursuant to 28 U.S.C. § 1391(b)(2), venue is also proper in this judicial district because a substantial part of the events or omissions giving rise to Legacy's breach-of-contract claims occurred in this judicial district. Venue is similarly proper in this judicial district as many of the parties Agreements provide that any dispute be brought in the state or federal courts of Tarrant County.

## IV.
## FACTUAL BACKGROUND

**A.    The Parties**

16. Legacy builds, sells and finances manufactured homes and "tiny houses" that are distributed through a network of independent retailers and company-owned stores throughout the United States. Defendants purchased hundreds of homes from Legacy and financed those purchases through Legacy.

B.   **The Agreements**

17.   The Promissory Notes outline the terms of loans and recognize that in the event of default, Legacy may declare the principal balance and earned interest immediately due and payable.[1] The Notes also recognize that any late payments are subject to a 17.5% interest rate.

> It is agreed that time is of the essence of this agreement, and that in the event Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, or the Maker shall commit an act of bankruptcy, or authorized the filing of a voluntary petition in bankruptcy or involuntary bankruptcy proceedings are instituted against the Maker or a Receiver is Appointed for the Maker, then upon ten (10) days' notice to Maker, Payee may declare the unpaid principal balance and earned interest on this note immediately due and payable. Except for the above 10-day notice, maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

18.   Each Note is accompanied by a corresponding Security Agreement, which grants Legacy a security interest in certain property, including all rents and proceeds of sale derived therefrom.

> 3.   **Grant of Security Interest; Assignment of Leases and Rents.** Debtor hereby grants to Creditor, to secure the payment and performance in full of all of the Obligations, a security interest in the property set forth on Exhibit A attached hereto, and all proceeds and products thereof, including all rent and proceeds of sale,(all of the same being hereinafter called the "**Collateral**"). Debtor hereby assigns to Creditor all of Debtor's rights and interest to leases relating to the Collateral as well as all rent due thereunder, such assignment being effective only upon default hereunder or under the Note and only until such default has been cured.

19.   The Defendants personally guaranteed the "due, regular, and punctual payment . . . of all debts [and] obligations" due under the Notes.[2]

---

[1] The Notes are identified by loan number, and the Notes at issue here include: 1230201, 12302010, 12302011, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302026, 12302027, 12302028, 12302029, 1230203, 12302030, 12302031, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230207, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901, 19902, 19904, 19936, 20210326.1, 20210326.2, 20210326.4, 211230.01, 211230.02, 211230.03, 211230.04, 211230.11, 211230.13, 211230.14, 211230.15, 211230.16, 211230.17, 211230.18, 211230.19, 211230.2, 220321.1, 220606.1, 221229.1, 221229.2, 221229.3, 230117.1.

[2] *See* Exhibits 1-2, 3-10, 12-16, 18-24, 26-42, and 46-63. Plaintiff will subsequently file a Motion to Seal with the aforementioned exhibits.

20. And Defendants Bill Rodwell, Wooten, Hutson, and Plotnikov entered into a Cross-Collateralization Agreement,[3] pursuant to which each agreed to be held jointly and severally liable for the aggregate debt due under the Notes.[4]

> **Joint and Several Liability for Total Indebtedness; Integration of Obligations; Obligations Absolute.** Each Borrower acknowledges and agrees that:
>
> (a) Borrower must pay not only the Indebtedness, but all the Related Indebtedness in accordance with the terms of the Related Loan Documents, and that such Borrower and the Related Borrowers are jointly and severally liable for the payment of the Total Indebtedness.

### C. Defendants' Default and Breach of the Agreements

21. Defendants have failed to make the timely payments due under the Notes.

22. On January 16, 2024, Legacy provided notice that the loans were in default and would be subject to acceleration if not cured by January 26, 2024.[5]

23. On January 27, 2024, Legacy sent Defendants a letter notifying them that the loans had been accelerated, consistent with the previous notice provided.[6]

24. Legacy now brings the instant action to recover the more than $37 million it is owed.

---

[3] Exhibit 65 – Cross-Collateralization Agreement, executed April 8, 2022. Plaintiff will subsequently file a Motion to Seal with the aforementioned exhibits.

[4] The Cross-Collateralization Agreement applies to the following thirty-eight Notes: 1230201, 12302010, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302027, 12302028, 12302029, 1230203, 12302030, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901, 19902, 19904, and 19936.

[5] Exhibit 66 – Notice of Default, dated January 16, 2024. Plaintiff will subsequently file a Motion to Seal with the aforementioned exhibits.

[6] Exhibit 67 – Notice of Acceleration, dated January 27, 2024. Plaintiff will subsequently file a Motion to Seal with the aforementioned exhibits.

## V.
## CAUSES OF ACTION

**BREACH OF CONTRACT**

25. Legacy re-alleges and incorporates by reference each of the foregoing Paragraphs as if fully set forth herein.

26. Defendants executed the Notes whereby they agreed to pay the principal amounts stipulated in the Notes, plus a variable rate of interest on the unpaid principal balance.

27. In connection with the execution of the Notes, Defendants executed corresponding Security Agreements, in which they granted security interests in certain specified property, including all rents and proceeds of sale derived therefrom.

28. In the Notes and Security Agreements, Defendants agreed to pay a stipulated monthly payment throughout the duration of the life of the Notes. True and correct copies of the Notes are attached hereto as Exhibits 1-64 and incorporated herein by reference as if fully stated herein.

29. Pursuant to the terms of the Notes, Defendants' failure to make timely payments constitutes an event of default.

30. Upon default, Legacy is entitled to accelerate the entire indebtedness, including the unpaid principal balance on the Notes, all accrued and unpaid interest, and all other amounts, costs, and expenses for which Defendants are responsible for under the Notes.

31. Defendant Bill Rodwell is in default under the following Notes: 1230201, 12302010, 12302011, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302026, 12302027, 12302028, 12302029, 1230203, 12302030, 12302031, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230207, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901,

19902, 19904, 19936, 20210326.1, 20210326.2, 20210326.4, 211230.01, 211230.02, 211230.03, 211230.04, 211230.11, 211230.13, 211230.14, 211230.15, 211230.16, 211230.17, 211230.18, 211230.19, 211230.2, 220321.1, 220606.1, 221229.1, 221229.2, 221229.3, 230117.1.

32.     Defendant Cynthia Rodwell is in default under the following Notes: 18883, 18887, 18889, and 19116.

33.     Defendant Tony Hartsgrove is in default under the following Notes: 211230.13.

34.     Defendant Robert T. Hutson II is in default under the following Notes: 1230201, 12302010, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302027, 12302028, 12302029, 1230203, 12302030, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901, 19902, 19904, and 19936.

35.     Defendant Kevin Edmonds is in default under the following Notes: 1858, 1872, 19196, 19882, 19901, 19902, 19904, and 19936.

36.     Defendant Yakov Plotnikov is in default under the following Notes: 1230201, 12302010, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302027, 12302028, 12302029, 1230203, 12302030, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901, 19902, 19904, and 19936.

37.     Defendant Eric D. Wooten is in default under the following Notes:  1230201, 12302010, 12302012, 12302013, 12302014, 12302015, 1230202, 12302024, 12302025, 12302027, 12302028, 12302029, 1230203, 12302030, 12302032, 12302033, 12302034, 12302038, 1230204, 1230205, 1230206, 1230208, 1230209, 1858, 1872, 1886, 18883, 18887, 18889, 19116, 19196, 1965, 1977, 19882, 19901, 19902, 19904, and 19936.

38. Legacy is the owner and holder of the Notes, Security Agreements, and Personal Guaranties. As such, Legacy is entitled to payment thereunder and is entitled to enforce the terms and conditions of these agreements.

39. Due to Defendants' refusal to pay the sums due and owing under the Notes, Legacy has been required to retain the undersigned attorneys to institute this lawsuit, and pursuant to the Notes, Security Agreements, and Personal Guaranties, Defendants are responsible for the attorneys' fees and court costs incurred herein.

40. Legacy is entitled to pre-judgment interest at the rate provided in the Notes on the sum of money for which Legacy now sues. Legacy is further entitled to post-judgment interest at the rate provided in the Notes from the date of judgment until paid.

## VI.
## DEMAND FOR JURY TRIAL

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Legacy demands a trial by jury on all issues triable of right by a jury.

## VII.
## PRAYER

For the foregoing reasons, Legacy respectfully requests that the Court:

A. Enter judgment in Legacy's favor and against Defendants on all causes of action alleged herein;

B. Award Legacy the amount due under the Notes in an amount not less than $37,360,483.87;

C. Award Legacy its costs, expenses, and interest of this lawsuit, including all reasonable attorneys' fees it has incurred and will incur in this matter;

D. Award Legacy all pre- and post-judgment interest due under the Notes;

E. Grant Legacy such other and further relief, in law or in equity, as this Court deems just, necessary, and proper.

Dated: January 29, 2024                              Respectfully submitted,

LEGACY'S ORIGINAL COMPLAINT                                                              8

                                                */s/ Madison Gaona*

**NORTON ROSE FULBRIGHT**       Justin VandenBout
**US LLP**      State Bar No. 24060765
     Justin.vandenbout@nortonrosefulbright.com

     1301 McKinney St., Ste. 5100
     Houston, Texas 77010-3095
     Telephone:(713) 651-5151
     Facsimile: (713) 651-5246

     Preston Glasscock
     State Bar No. 24128515
     Preston.glasscock@nortonrosefulbright.com
     Madison Gaona
     State Bar No. 24125775
     Madison.gaona@nortonrosefulbright.com

     2200 Ross Avenue, Suite 3600
     Dallas, TX  75201-7932
     Telephone:(214) 855-8000
     Facsimile:  (214) 855-8200

     **Counsel for Plaintiff Legacy Housing Corporation**