UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LEGACY HOUSING CORPORATION,**

   Plaintiff,

v.                                          No. 4:24-cv-00096-P

**BILL RODWELL, ET AL.,**

   Defendants.

### MEMORANDUM OPINION & ORDER

Before the Court is a Motion to Dismiss the First Amended Complaint filed by the following Defendants: Cleveland MHC, LLC, Country Aire Homes of LA, LLC, Forest Hollow, LLC, Gulf Stream Homes of LA, LLC, Gulf Stream Homes of MS, LLC, Gulf Stream Manor Phase 2 Homes, LLC, Iowa Homes, LLC, SINOP GS Homes, LLC, Southern Pointe Homes, LLC, Southern Pointe Investments II, LLC, Southern Pointe Investments, LLC, Stellar GS Homes, LLC. ECF No. 28. For the reasons stated below, the Court **DENIES** Defendants' Motion.

### BACKGROUND

Plaintiff is a manufacturer and seller of mobile homes. Defendants purchased hundreds of homes from Legacy Housing and used Legacy to finance the purchases. Plaintiff alleges that Defendants failed to make timely payments due under the agreed-to Notes. As a result of this purported default, Legacy provided notice via email to Defendants on January 16, 2024, stating they were in default and that the loans would be subject to acceleration if not cured within ten days. After the ten days passed, on January 27, 2024, Legacy notified Defendants that the loans had been accelerated. Legacy then filed the present lawsuit with this Court on January 29, 2024 to recover the money they were owed under the Notes, a sum totaling $37 million dollars. On February 1, 2024,

Legacy amended its complaint. On February 27, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint on the grounds that Legacy did not provide proper notice to the Defendants as outlined in the Notes. That Motion is now ripe for review.

As further background, on April 1, 2024, Legacy removed a lawsuit filed by Forest Hollow, LLC, one of the Defendants listed above, a mobile home community that had come to agreements with Legacy to finance and supply manufactured home for Forest Hollow's redevelopment. In this separate suit, Forest Hollow alleged that Legacy violated the two Parties' "Development Agreement" and sought quiet title of the property at issue. Further, after amending its Complaint, Forest Hollow sought a TRO and preliminary injunction to enjoin Legacy from going forward with a public sale of manufactured homes purportedly owned by Forest Hollow. After this Court denied that motion, Forest Hollow appealed, and the Fifth Circuit affirmed this Court's findings. The Court then merged the two lawsuits into this present suit.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

In Defendants' Motion to Dismiss, Defendants argue Legacy did not provide proper notice to Defendants as outlined in the agreements. *See* ECF No. 29 at 8–11. However, in their Opinion addressing Forest Hollow's Motion for a TRO and Preliminary Injunction (Forest Hollow being one of the Defendants here), the Fifth Circuit addresses the argument that Legacy did not provide proper notice to Defendants. *See* ECF No. 50. Specifically, the Fifth Circuit says the following:

> Forest Hollow first contends that it is likely to succeed on the merits because Legacy Housing "failed to provide notice of its putative acceleration of Forest Hollow's debt 'to Maker' of each note, as required by" the Notes. Forest Hollow maintains that Legacy Housing's failure to strictly comply with the Notes' provisions regarding "notice of acceleration" renders its planned auction and sale of Forest Hollow's property "unlawful."
>
> Importantly, the text of the Notes does not specify how notice must be provided to the Makers. Under Texas law, "each manager of a manager-managed" LLC and "each member of a member-managed" LLC is "an agent of that" LLC for notice purposes. TEX. BUS. ORGS. CODE § 5.255(3).1 Rodwell, who executed the Notes on behalf of each Maker, did so as either a "manager" or a "managing member." Either way, Rodwell appears to be an appropriate individual to whom Legacy Housing may provide notice of default since he is the "manager" or "managing member" of each Maker (which are all LLCs).
>
> Forest Hollow contends that the Notes require Legacy Housing to provide written notice of default via U.S. mail to the address of each "Maker," but Forest Hollow does not cite to a provision in the Notes requiring such notice. Without more, the terms of the Notes are construed according to their text, *see Hotze v. IN Mgmt., LLC*, 651 S.W.3d 19, 25 (Tex. App.—Houston [14th Dist.] 2021, pet. denied), and Forest Hollow has not shown where the Notes

3

require the notice of default in the form it seeks. Additionally, while Forest Hollow is correct that "[t]he harshness of the option of accelerating the maturity of an extended obligation requires both a strict reading of the terms of the option and notice to the debtor," *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991), in the absence of any terms in the Notes requiring notice of default in the manner Forest Hollow argues is required, the Notes have been interpreted according to their terms.

*Id.* at 5–6.

As explained in the Fifth Circuit's Opinion, the Fifth Circuit found that Forest Hollow's notice argument should be rejected. This Court agrees and sees no reason why the standard applied to Forrest Hollow does not apply to all Defendants that are party to this Motion. Despite Defendants' argument, Defendant Bill Rodwell is or is purported to be the manager or managing member of each Defendant that is part of this Motion. Given Rodwell is an appropriate individual to whom Legacy may provide notice of default, and since nothing in the Notes states written notice of default must be delivered via U.S. mail to each Defendants, the Court determines that proper notice had been given to the Defendants of Legacy's impending acceleration of the Notes.

## CONCLUSION

Having found that Legacy provided proper notice to all Defendants who are party to this Motion to Dismiss and for the reasons stated in the Fifth Circuit's Opinion (ECF No. 50), the Court must **DENY** Defendants' Motion to Dismiss (ECF No. 28).

**SO ORDERED** on this **3rd day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

4