UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LEGACY HOUSING CORPORATION,**

   Plaintiff,

v.                            No. 4:24-cv-00096-P

**BILL RODWELL, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion to Dismiss the First Amended Complaint filed by the following Defendants: Kevin Edmonds, Tony Hartsgrove, Robert T. Hutson II, Yakov Plotnikov, Bill Rodwell, Cynthia Rodwell, and Eric D. Wooten. ECF No. 38. For the reasons stated below, the Court **DENIES** the Individual Defendants' Motion.

## BACKGROUND

Plaintiff is a manufacturer and seller of mobile homes. The Individual Defendants are the signors and guarantors of the Entity Defendants (Cleveland MHC, LLC; Country Aire Homes of LA, LLC; Forest Hollow, LLC; Gulf Stream Homes of LA, LLC; Gulf Stream Homes of MS, LLC; Stellar GS Homes, LLC; SINOP GS Homes, LLC; Gulf Stream Manor Phase 2 Homes, LLC; Iowa Homes, LLC; Southern Pointe Homes, LLC; Southern Pointe Investments, LLC; and Southern Pointe Investments II, LLC) that purchased hundreds of homes from Legacy Housing and used Legacy to finance the purchases. Plaintiff alleges that Defendants failed to make timely payments due under the agreed-to Notes. Consequently, Legacy provided notice via email to Defendants on January 16, 2024, indicating they were in default and that the loans would be subject to acceleration if not cured within ten days. After the ten days passed, on January 27, 2024, Legacy notified Defendants that the loans had been accelerated. Legacy then filed the

present lawsuit with this Court on January 29, 2024, to recover the money it was owed under the Notes, a sum totaling $37 million dollars. On February 1, 2024, Legacy amended its Complaint. On February 27, 2024, the Entity Defendants filed a Motion to Dismiss the First Amended Complaint on the grounds that Legacy did not provide proper notice to the Defendants as outlined in the Notes. On May 3, 2024, the Court denied Defendants Motion to Dismiss.

On April 1, the Individual Defendants filed a Motion to Dismiss the First Amended Complaint on the grounds that this Court lacked personal jurisdiction over them. That Motion is now ripe for the Court's review.

As further background, on April 1, 2024, Legacy removed a lawsuit filed by Forest Hollow, LLC, one of the Entity Defendants, a mobile home community, that had come to agreements with Legacy to finance and supply manufactured homes for Forest Hollow's redevelopment. In this separate suit, Forest Hollow alleged that Legacy violated the two Parties' "Development Agreement" and sought quiet title of the property at issue. Additionally, after amending its Complaint, Forest Hollow sought a TRO and preliminary injunction to prevent Legacy from proceeding with a public sale of manufactured homes purportedly owned by Forest Hollow. After this Court denied that motion, Forest Hollow appealed and the Fifth Circuit affirmed this Court's findings. The Court then merged the two lawsuits into this present suit.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Where the latter is absent, parties may move to dismiss a complaint under Rule 12(b)(2). *See* FED. R. CIV. P. 12(b)(2). The burden rests with the plaintiff to defeat a Rule 12(b)(2) jurisdictional challenge

by establishing a prima facie jurisdictional claim. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 399 (5th Cir. 2009).

To rule on a 12(b)(2) motion, federal courts must determine whether personal jurisdiction is present by looking to the law of the state in which they sit. *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "In Texas, courts evaluate personal jurisdiction over nonresident defendants through a two-step inquiry, ensuring compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." *Bulkley & Assocs., LLC v. Dep't of Indus. Rels.*, 1 F.4th 346, 351 (5th Cir. 2021). This is ultimately a single inquiry in Texas, as "the Texas long-arm statute extends to the limits of federal due process." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

## ANALYSIS

### 1. Minimum Contacts

In the Individual Defendants' Motion to Dismiss, the Individual Defendants argue they do not have the required minimum contacts with Texas to create personal jurisdiction. *See* ECF No. 39 at 9–15. Specifically, they argue that a "mere existence of a contract with a Texas corporation does not and cannot confer personal jurisdiction over the Individual Defendants." *Id.* at 10. Further, they argue that since Texas was not the "hub of the parties' activities" and the Individual Defendants never entered the State of Texas, they do not meet the minimum contacts threshold. *Id.*

Plaintiff disagrees. Plaintiff contends that the Notes pertain to homes that would be constructed in Texas, transported from Texas, by a Texas entity, and the payments would be sent to Texas. *See* ECF No. 57 at 10. They also point to a case from this District in which the court explained that since payment on the notes was explicitly payable in Texas, it was foreseeable that defendants would be subject to suit in Texas. *Gerritsen Beach Investments, Ltd. v. Jemel*, No. 3:08-CV-1192, 2009 WL 10704501 (N.D. Tex. April 22, 2009) (Godbey, J.); *see also* ECF No. 57 at 10–11. This foreseeability is combined with Fifth Circuit caselaw stating that minimum contacts are established when it is

3

foreseeable that a plaintiff would perform part of the contract in the state with a forum resident— the performance here being payment to Legacy Homes. *See Mississippi Interstate Express, Inc. v. Transpo Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982). Plaintiff insists that this alone is enough to establish minimum contacts and find this Court has personal jurisdiction over the Individual Defendants. *See* ECF No. 57 at 11. The Individual Defendants disagree, arguing payment alone is not enough to establish minimum contacts, citing *Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 574 (5th Cir. 2020). *See* ECF No. 61 at 8.

Though there are arguments on both sides as to whether the Individual Defendants make the proper minimum contacts with the state of Texas, there appears to be a reasonable expectation that the Individuals Defendants could foresee being sued in Texas given their relationship to the Notes as guarantors. However, the forum selection clauses in the Notes and Security Agreements that each Individual Defendant signed more clearly establishes jurisdiction over the Individual Defendants in this Court.

### 2. Forum Selection Clauses

Plaintiffs cite to the language of the Notes which state that "any dispute arising out of . . . this Note[s] shall be brought exclusively in the state or federal courts of Tarrant County, Texas." *See e.g.* ECF No. 16-1 at 10. It is true that each Individual Defendant did sign a guarantee to the Notes in question. *See* ECF Nos. 16-2 at 102 (B. Rodwell, Hutson, Edwards); 16-3 at 16–17 (C. Rodwell, Wooten, Plotnikov); 16-6 at 92 (Hartsgrove). Although the Notes themselves did not have forum selection clauses, the guarantees that they *did* sign arise out of and are concerning the Notes that *do* have the forum selection clauses. A court may exercise personal jurisdiction over a nonresident defendant based on a forum selection clause unless the defendant can show that the chosen forum would be unreasonable due to fraud or overreaching. *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). The Court finds no evidence of fraud or overreaching here.

Because the forum selection clause states that "*any* dispute arising out of, or concerning, this Agreement shall be brought exclusively in the state or federal courts of the Tarrant County, Texas," and the dispute involving the Individual Defendants is arising out of or at the very least concerns the Notes, any federal suit can only be brought in the United States District Court for the Northern District of Texas.

Furthermore, even if the Court accepted the Individual Defendants' argument that they had not properly signed documents bound by the forum selection clauses, the Court still maintains personal jurisdiction under the closely-related doctrine. The closely-related doctrine holds that non-signatories to an agreement may be bound by forum selection clauses if there is a sufficiently close nexus to the dispute or to signatory such that it was foreseeable that a non-signatory would be bound. *See Franlink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 439 (5th Cir. 2022). To determine whether a non-signatory is closely related, four factors are considered: "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally, and (4) awareness of the forum selection clause particularly." *Id.* at 442. The Court analyzes each below.

*First*, by the Individual Defendants own admission that each is an owner of at least one of the Entity Defendants who executed the Notes and Security Agreements. *See* ECF No. 39 at 13. Thus, common ownership is established.

*Second*, it is also clear that the Individual Defendants receive direct benefit from the Notes and Security Agreements, including tax advantages and possession of the mobile homes in question through their companies.

*Third*, it is indisputable that the Individual Defendants would be aware of the agreements generally, especially considering every Individual Defendant is a signatory of the guarantees for the Notes. This demonstrates their general awareness of the existence of the Notes.

*Fourth*, as owners of the Entity Defendants, who *are* the signatories of the Notes and Security Agreements, the Individual Defendants would have particular awareness of the forum selection clauses. This is true

5

even though the guarantor agreements that the Individual Defendants signed themselves did not have forum selection clauses. Having satisfied the four-factor test under *Franlink*, the Court finds that it also maintains personal jurisdiction over the Individual Defendants under the closely-related doctrine.

## CONCLUSION

The Court retains personal jurisdiction over the Individual Defendants because the guarantor agreements they signed arise out of and concern the Notes which *do* have forum selection clauses. However, even if the Court lacked jurisdiction on this basis, it would maintain personal jurisdiction over the Individual Defendants under the closely-related doctrine. For these reasons, the Court **DENIES** the Individual Defendants Motion to Dismiss under Rule 12(b)(2) (ECF No. 38).

**SO ORDERED** on this **30th day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE