UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| Legacy Housing Corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>Bill Rodwell, *et al.*<br><br>　　Defendants.<br><br>---<br><br>Cleveland MHC, LLC, *et al.*<br><br>　　Counterclaimants<br><br>v.<br><br>Legacy Housing Corporation and Curtis Hodgson,<br><br>　　Counterclaim Defendants. | Case No. 4:24-cv-00096-P<br>(Consolidated with Case No. 4:24-cv-00300-P)<br><br>Hon. Mark T. Pittman |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION TO
EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Defendants Bill Rodwell, Cynthia Rodwell, Tony Hartsgrove, Robert T. Hutson II, Kevin Edmonds, Yakov Plotnikov, Eric D. Wooten ("Individual Defendants"), have moved for additional time to answer Plaintiff Legacy Housing Corporation's ("Legacy") complaint pursuant to Rule 6(b)(1)(B), and in support of their motion, respectfully show as follows.

**I.   RELEVANT BACKGROUND**

The Individual Defendants are seven individuals sued in their individual capacities as personal guarantors on notes made by the Entity Defendants. Legacy's claims against the Individual Defendants are contained in its First Amended Complaint, filed on February 1, 2024 (Dkt. 5) ("Complaint"). On April 1, 2024, the Individual Defendants filed a Motion to Dismiss for Lack of

Personal Jurisdiction (Dkt. 38). Briefing on the Motion to Dismiss was completed by May 21, 2024, and on May 30, 2024, the Court denied the Motion (Dkt. 72). Meanwhile, the Entity Defendants filed their Answer and Counterclaim to Legacy's complaint on May 24, 2024 (Dkt. 69).

A number of the Individual Defendants have also been sued in a related Louisiana lawsuit brought by Legacy (*Legacy Housing Corporation v. Country Aire Homes of LA, LLC et al.*, 2:24-cv-00460-JDC-DJA, pending in the Western District of Louisiana). The entity defendants in that case as well as one of the Individual Defendants (Bill Rodwell) filed an answer and counterclaim in on May 28, 2024. Another related case is also pending in the Southern District of Mississippi.

On June 4, 2024, Legacy moved for an extension of time for it and counterclaim defendant Curtis Hodgson to respond to the Entity Defendants' counterclaims to June 28, 2024, and their motion was granted on June 5, 2024. The Entity Defendants consented to Legacy's request.

By inadvertent error, the date for the Individuals Defendants' to respond to Legacy's Complaint was calendared as June 20 rather than June 13, 2024. Counsel had intended to file a motion on June 17 to request additional time to enable the Individual Defendants' pleading and amendment deadlines to unify with the Entity Defendants' deadline for amending their pleadings, and the calendaring error was discovered while preparing for that filing on June 17, 2024. Upon realizing the error, counsel immediately reached out to Legacy's counsel to discuss the matter and request Legacy's consent to the filing of this Motion. Legacy agreed to the extension in exchange for an agreement that Legacy's discovery responses, now due July 8, 2024, would instead be due July 29, 2024.

Pursuant to the Court's Scheduling Order, the deadline for the parties to move to amend pleadings is June 24, 2024.

2

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 6 (b)(1)(B) provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired. Fed. R. Civ. P. 6(b)(1)(B); *Mattress Giant Corp. v. Motor Advert. & Design Inc*., No. CIV.A.3:07CV1728-D, 2008 WL 898772, at *1 (N.D. Tex. Mar. 31, 2008). Rule 6(b)(1)(B)'s "requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension[.]" *Mattress Giant*, 2008 WL 898772, *1 (quoting 4B Wright & Miller, supra, § 1165, at 523-29). The governing standard of "excusable neglect" is "intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Id.* (quoting 4B Wright & Miller, supra, § 1165, at 533-34). Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" *Panis*, 60 F.3d at 494 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (construing bankruptcy counterpart of Rule 6(b)(1)(B))); *see also Mattress Giant*, 2008 WL 898772, at *2.

More generally, both before and after a deadline has passed, Rule 6(b)(1) provides that the Court may "for good cause" extend the time to do any act. Fed. R. Civ. P. 6(b)(1).

## III. ARGUMENT

The Individual Defendants request that the Court extend the deadline for them to answer the First Amended Complaint to June 28, 2024.

As an initial matter, Individual Defendants' failure to respond to the Complaint by June 14 qualifies as "excusable neglect" in that it was the result of an inadvertent calendaring error which counsel quickly acted to address with opposing counsel and did not result in any prejudice to Legacy. This was a mistake, was not the result of bad faith, and corrective action was taken as soon as the

mistake was discovered. Moreover, Legacy is not prejudiced by the delay as indicated by its consent to this Motion. And, as a practical matter, given that the Individual Defendants' defenses and any potential counterclaims are in many ways dependent on the underlying defenses and claims already asserted by the Entity Defendants in their Answer and Counterclaim, Legacy is already on notice of the Entity Defendants' defenses and counterclaims. In fact, Legacy has already begun taking discovery from the Individual Defendants, including issuing numerous discovery requests to Individual Defendants and scheduling a July deposition of Robert Hutson. Finally, since "excusable neglect" is an "equitable concept" (*Mattress* Giant, 2008 WL 898772, *1) the extension is equitable here because Legacy has benefitted from Defendants' agreement to give Legacy several additional weeks to respond to their discovery requests. Thus, Legacy is not prejudiced by the delay.

Moreover, there is good cause for the extension to June 28. The Individual Defendants wish to ensure that their pleadings and the Entity Defendants' pleadings are consistent. Given that the deadline to move to amend pleadings is June 24, 2024, and Legacy's response to the Entity Defendants' Answer and Counterclaim is not due until June 28, 2024, the Individual Defendants wish to align their pleadings with Legacy's response date of June 28 so that any amendments to the Entity Defendants' and Individual Defendants' pleadings that may be necessary would occur within the following 21-day period under the "of course" provisions of Fed R. Civ. P. 15(a). The Individual Defendants expect that within the 21-day period following June 28, 2024, they and the Entity Defendants may file a single, consolidated Answer and Counterclaim pursuant to Fed. R. Civ. P. 15(a)(1).

### IV.  CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Motion be granted.

Dated: June 17, 2024                                      Respectfully submitted,

                                                                             NESS PLLC


                                                                             By: /s/ *Eliyahu Ness*
                                                                             Eliyahu Ness
                                                                             State Bar No.  24119651
                                                                             Carron Nicks
                                                                             State Bar No. 01311905
                                                                             3232 McKinney Ave, Suite 500
                                                                             Dallas, TX 75204
                                                                             Tel: (469) 319-1355
                                                                             Email: eness@nesslegal.com

                                                                             *Counsel for Defendants*

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel of record by filing a copy of the foregoing document electronically with the Clerk of Court using the CM/ECF system on June 17, 2024.

By: /s/ *Eliyahu Ness*
Eliyahu Ness